**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 96-2718**

─────────────

HARRY R. MATHIS, SR.,

Plaintiff - Appellant,

versus

STAFFORD COUNTY SHERIFF'S DEPARTMENT; RALPH M.
WILLIAMS, Sheriff; B. P. ROSS, Deputy Cpl.;
PAT H. KELLY, Deputy; JOHN DOE, and other Dep-
uty Sheriffs not presently known to plaintiff,

Defendants - Appellees.

─────────────

Appeal from the United States District Court for the Eastern Dis-
trict of Virginia, at Alexandria.  Albert V. Bryan, Jr., Senior
District Judge.  (CA-96-17-A)

─────────────

Submitted:  November 18, 1997      Decided:  December 18, 1997

─────────────

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Harry R. Mathis, Sr., Appellant Pro Se.  Jack L. Gould, Fairfax,
Virginia, for Appellees.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Harry R. Mathis, Sr., appeals from the district court's grant of summary judgment in favor of the Defendants in his 42 U.S.C. § 1983 (1994), action alleging that he was the victim of excessive force and an illegal stop. We affirm.

Our review of the record leads us to agree with the district court's determination that excessive force was not employed against Mathis when police officers allegedly threatened to "drag" him to the police station if he refused to leave a private meeting. Likewise, we agree that based upon the facts presented below the police had reasonable suspicion to conduct an investigative stop.[*] See United States v. Crittendon, 883 F.2d 326, 328 (4th Cir. 1989) (providing standard).

In his informal brief before this Court, Mathis alleges numerous pre-trial and discovery errors committed by the district court. Upon review, we discern no error warranting reversal of the district court's order. We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Given these two determinations, we agree with the district court that Mathis' claim of failure to properly train the officers must also fail.